IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
(LOUISVILLE DIVISION)

PAIDEMOYO CHARASIKA            PLAINTIFF
1741 Frankfort Avenue, No. 201
Louisville, Kentucky 40206

v.

Case No.  3:21-cv-420-BJB

Judge  Benjamin Beaton

EXPERIAN INFORMATION SOLUTIONS, INC.            DEFENDANTS
475 Anton Boulevard
Costa Mesa, California 92626

         SERVE:    CT Corporation System
                         306 W. Main Street, Suite 512
                         Frankfort, KY 40601
                         (BY CERTIFIED MAIL)

AND

TRANS UNION, LLC
555 W. Adams Street
Chicago, Illinois 60661

         SERVE:    The Prentice Hall Corporation System
                         421 W. Main Street
                         Frankfort, Kentucky 40601
                         (BY CERTIFIED MAIL)

\*\* \*\* \*\* \*\*

**VERIFIED COMPLAINT**

Comes the Plaintiff, Paidemoyo Charasika, and for his Verified Complaint against the

Defendants, Experian Information Solutions, Inc. ("Experian"), and Trans Union, LLC ("Trans Union"), states as follows:

## I. PRELIMINARY STATEMENT

1. This is an action for violation of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §1681 et seq. arising out of Defendants' failure to investigate Plaintiff's credit reporting disputes; Experian's false reporting of multiple charge-offs of four (4) tradelines on Plaintiff's Experian credit report; Trans Union's failure to provide Plaintiff with the results of his dispute, or to even acknowledge receipt of Plaintiff's dispute, despite Plaintiff's proof of delivery of his dispute letter to Trans Union; and Defendants' failure to correct their false reporting on Plaintiff's credit reports.

## II. PARTIES

2. Plaintiff, Paidemoyo Charasika, is currently and was at all relevant times a citizen of the Commonwealth of Kentucky residing at 1741 Frankfort Avenue, No. 201, Louisville, Kentucky 40206.

3. Plaintiff is a "consumer" as that term is defined by the FCRA, 15 U.S.C. §1681a(c).

4. Defendant, Experian, is a corporation organized under the laws of the State of California and doing business in the Commonwealth of Kentucky with its principal place of business located at 475 Anton Boulevard, Costa Mesa, California 92626.

5. Experian is a "consumer reporting agency that compiles and maintains files on consumers on a nationwide basis" as that term is defined by the FCRA, 15 U.S.C. §1681a(o).

6. Experian is regularly engaged in the business of assembling, evaluating and dispensing information concerning consumers for the purpose of furnishing "consumer reports," as that term is defined at 15 U.S.C. §1681a(d), to third parties.

7. Defendant, Trans Union, is a limited liability corporation organized under the laws

of the State of Illinois and doing business in the Commonwealth of Kentucky with its principal place of business located at 555 West Adams Street, Chicago, Illinois 60661.

8. Trans Union is a "consumer reporting agency that compiles and maintains files on consumers on a nationwide basis" as that term is defined by the FCRA, 15 U.S.C. §1681a(o).

9. Trans Union is regularly engaged in the business of assembling, evaluating, and dispensing information concerning consumers for the purpose of furnishing "consumer reports," as that term is defined at 15 U.S.C. §1681a(d), to third parties.

### III. JURISDICTION

10. This Court has jurisdiction over this action: (1) pursuant to the FCRA, 15 U.S.C. §1681(p); (2) pursuant to 28 U.S.C. §1331; and (3) because the transactions and occurrences giving rise to this action occurred in Jefferson County, Kentucky as a result of the Defendants' doing business in Jefferson County, Kentucky.

### IV. FACTUAL BACKGROUND

11. In or around March 2021, Plaintiff accessed his Experian and Trans Union credit reports and discovered a number of false and erroneous tradelines. On his Experian credit report, Plaintiff discovered that Experian was (1) 25 separate charge-offs of two First Premier tradelines; (2) 25 separate charge-offs of a Capital One tradeline; and (3) 23 separate charge-offs of a Wells Fargo tradeline. On his Trans Union credit report, Plaintiff discovered erroneous and derogatory tradelines furnished by Lending Club, Acceptance Now, GLA Collection Co., Inc., Credit Clearing House, and I.C. Systems, Inc.

12. Immediately upon discovering the foregoing tradelines, Plaintiff filed disputes with Experian and Trans Union regarding the inaccuracy of the tradelines and requested that Experian and Trans Union delete or amend the tradelines.

13. Upon information and belief, Experian and Trans Union, pursuant to the

3

requirements stated in 15 U.S.C. §1681i(a)(2)(A), notified the above-listed furnishers of the disputes at or within five (5) Experian's and Trans Union's receiving notice of the disputes from Plaintiff.

14. Plaintiff never received the results of his Experian disputes. In May 2021, however, Plaintiff again accessed his Experian credit report and discovered that the disputed tradelines were reporting as they had been reporting prior to his disputes. Experian failed to investigate the disputed tradelines. In addition, Plaintiff, despite his receipt from the USPS of delivery confirmation of the dispute letter to Trans Union in March 2021, never received dispute results from Trans Union. In May 2021, Plaintiff again accessed his Trans Union credit report and discovered that the disputed tradelines were reporting as they had been reporting prior to Plaintiff's dispute. Trans Union utterly failed to investigate Plaintiff's dispute despite Trans Union's receipt of Plaintiff's dispute letter in March 2021.

15. Despite Plaintiff's lawful request for removal or amendment of the disputed items pursuant to the FCRA, Experian and Trans Union failed to investigate Plaintiff's disputes and failed to remove the disputed items from Plaintiff's credit reports or to amend Plaintiff's credit reports.

16. Upon information and belief, Experian and Trans Union did not evaluate or consider any of Plaintiff's information, claims, or evidence, and did not make any and/or sufficient attempts to remove the disputed items or to amend Plaintiff's credit reports within a reasonable time following Experian's and Trans Union's receipt of Plaintiff's disputes.

17. The Defendants' actions have damaged Plaintiff in that Plaintiff has been denied credit and/or has been forced to pay a high rate of interest for credit due to the Defendants' failure to investigate Plaintiff's disputes and Defendants' false reporting of the subject tradelines. In

addition, the Defendants' violation of the FCRA have caused Plaintiff to suffer embarrassment, humiliation, and emotional distress.

## V. CLAIMS

### Negligent Violation of the Fair Credit Reporting Act – Experian

18. Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 17 as if fully set forth herein.

19. Experian's failure to investigate Plaintiff's disputes and its failure to delete and/or amend its reporting of the subject tradeline despite knowledge of the falsity of the disputed items are violations of Experian's duty to ensure maximum possible accuracy of consumer reports under 15 U.S.C. §1681e(b) and Experian's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

20. Experian's failure to evaluate or consider any of Plaintiff's information, claims, or evidence, and its failure to make any and/or sufficient attempts to delete and/or amend its reporting of the disputed items within a reasonable time following Experian's receipt of Plaintiff's dispute are violations of Experian's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

21. Experian's violations of the FCRA amount to negligent non-compliance with the FCRA as stated in 15 U.S.C. §1681o, for which Experian is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, and for Plaintiff's attorney's fees.

### Negligent Violation of the Fair Credit Reporting Act – Trans Union

22. Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 21 as if fully set forth herein.

23. Trans Union's failure to investigate Plaintiff's disputes and its failure to delete

and/or amend its reporting of the subject tradelines despite knowledge of the falsity of the disputed items are violations of Trans Union's duty to ensure maximum possible accuracy of consumer reports under 15 U.S.C. §1681e(b) and Trans Union's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

24. Trans Union's failure to evaluate or consider any of Plaintiff's information, claims, or evidence, and its failure to make any and/or sufficient attempts to delete and/or amend its reporting of the disputed items within a reasonable time following Trans Union's receipt of Plaintiff's disputes are violations of Trans Union's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

25. Trans Union's violations of the FCRA amount to negligent non-compliance with the FCRA as stated in 15 U.S.C. §1681o, for which Trans Union is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, and for Plaintiff's attorney's fees.

**Willful Violation of the Fair Credit Reporting Act – Experian**

26. Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 25 as if fully set forth herein.

27. Experian's failure to investigate Plaintiff's dispute and its failure to delete and/or amend its reporting of the subject tradelines despite Experian's knowledge of the falsity of the disputed items are willful violations of Experian's duty to ensure maximum possible accuracy of consumer reports as stated in 15 U.S.C. §1681e(b) and Experian's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

28. Experian's failure to investigate Plaintiff's dispute, its failure to evaluate or consider any of Plaintiff's information, claims, or evidence, and its failure to make any and/or sufficient attempts to delete and/or amend its reporting of the disputed items within a reasonable

time following Experian's receipt of Plaintiff's dispute are willful violations of Experian's duties regarding investigation of disputed items as stated in 15 U.S.C. §1681i.

29. Experian's violations of the FCRA amount to willful non-compliance with the FCRA as stated in 15 U.S.C. §1681n for which Experian is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, for punitive damages, and for Plaintiff's attorneys' fees.

## Willful Violation of the Fair Credit Reporting Act – Trans Union

30. Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 29 as if fully set forth herein.

31. Trans Union's failure to investigate Plaintiff's disputes and its failure to delete and/or amend its reporting of the subject tradelines despite Trans Union's knowledge of the falsity of the disputed items are willful violations of Trans Union's duty to ensure maximum possible accuracy of consumer reports as stated in 15 U.S.C. §1681e(b) and Trans Union's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

32. Trans Union's failure to investigate Plaintiff's disputes, its failure to evaluate or consider any of Plaintiff's information, claims, or evidence, and its failure to make any and/or sufficient attempts to delete and/or amend its reporting of the disputed items within a reasonable time following Trans Union's receipt of Plaintiff's disputes are willful violations of Trans Union's duties regarding investigation of disputed items as stated in 15 U.S.C. §1681i.

33. Trans Union's violations of the FCRA amount to willful non-compliance with the FCRA as stated in 15 U.S.C. §1681n for which Trans Union is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, for punitive damages, and for Plaintiff's attorneys' fees.

WHEREFORE, Plaintiff, Paidemoyo Charasika, respectfully demands the following:

1. Trial by jury on all issues so triable;

2. Judgment against the Defendants for statutory, compensatory, consequential, and punitive damages;

3. For attorneys' fees and costs; and,

4. Any and all other relief to which Plaintiff may appear to be entitled.

Respectfully submitted,

/s/David W. Hemminger
David W. Hemminger
HEMMINGER LAW OFFICE, P.S.C.
331 Townepark Circle, Suite 100-C
Louisville, KY 40243
Phone, (502) 443-1060
Facsimile, (502) 873-5300
hemmingerlawoffice@gmail.com
*Counsel for Plaintiff*

## VERIFICATION

I, Paidemoyo Charasika, hereby state that I have read the foregoing Verified Complaint and the statements contained therein are true and accurate to the best of my knowledge, information and belief.

_____
Paidemoyo Charasika

COMMONWEALTH OF KENTUCKY    )
                            ) SS
COUNTY OF JEFFERSON         )

Subscribed, sworn to and acknowledged before me by Paidemoyo Charasika this 9 day of June, 2021.

_____
Notary Public

Commission expires: 1-6-2025

KyNP 19819